## Conrad Hess
### v.
## Henry Keiser.

*Sales—Joint Liability as Partners—Evidence.*

In an action brought to recover for articles sold, this court holds, in view of the evidence, that a person named was not liable as a partner of the purchaser, and that the judgment for the plaintiff can not stand.

[Opinion filed January 24, 1891.]

Appeal from the County Court of McLean County; the Hon. C. D. Meyers, Judge, presiding.

Mr. E. P. Holly, for appellant.

Messrs. Kerrick, Lucas & Spencer, for appellee.

Conger, P. J. This was an action brought by appellee before a justice to recover a bill amounting to $12.95 for machine supplies sold to Peter Hess, who, during the summer

and fall of 1889, operated a threshing machine in the vicinity of Bloomington, Illinois, where the appellee did business.

Appellee brought his action against both Peter Hess and appellant, his father, on the ground they were jointly liable.

The only evidence of joint liability was the introduction of the notes and chattel mortgage given to secure the payment for the threshing machine, they all being signed: "Peter Hess, Conrad Hess," and a property certificate signed by Conrad Hess upon the back of these notes.

Conrad Hess, Peter Hess and D. B. Harwood, the latter the agent who sold the threshing machine, all testify that Conrad Hess was not a partner of his son, but only surety upon the notes given for the purchase money. Appellee then called William Shaffer, a justice of the peace, and proved by him that one Fred Jerke obtained a judgment before him against Peter and Conrad Hess for wages earned when working with the machine and on the farm of Conrad Hess. This was the entire evidence as to partnership or joint liability.

Appellee testified that he sold the supplies to Peter Hess; that he charged them on his books to Peter Hess; that at the time of the sale he did not know that he had a partner; that some time after the sale of the supplies somebody told him that he could also hold Conrad Hess; that Conrad Hess had never done anything prior to the sale to lead him to believe that he was a partner; but at the time of the sale he thought he had to collect his bill of Peter Hess alone. Notwithstanding this unqualified statement of appellee, the court gave the following instruction, viz.:

" The court instructs the jury that although they may believe from the evidence that the defendant, Conrad Hess, was not a partner and owner of the threshing machine with his son, Peter Hess, yet if the jury believe from the evidence that he held himself out to the world, and acted and conducted himself as a partner in and about the management and running of the threshing machine, and that while he was so holding himself out as a partner, the plaintiff furnished the labor or materials sued for in this case, relying upon such partnership, then the jury should find for the plaintiff and against the defendant, Conrad Hess."

This was error. Under his statement appellee could not recover except he could show that an actual partnership existed. This he utterly failed in doing. The judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*